## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

JOSE ARMANDO GRIEGO,
      Appellant,

      v.

DEPARTMENT OF THE ARMY,
      Agency.

DOCKET NUMBER
DE-1221-15-0427-W-1

DATE: March 11, 2016

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Jose Armando Griego, Las Cruces, New Mexico, pro se.

Myles S. Hall, Esquire, White Sands Missile Range, New Mexico, for
    the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which denied his request for corrective action in connection with his individual right of action (IRA) appeal in which he alleged retaliation for whistleblowing. Generally, we grant petitions such as this one only when: the initial decision

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. See 5 C.F.R. § 1201.117(c).

contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2 The appellant served as a GS-6 Security Officer with the Army Test and Evaluation Command at the White Sands Missile Range. The agency asserts, and the appellant does not deny, that based on his duties he was subject to the agency's Personnel Reliability Program (PRP), the purpose of which is to ensure that each person who performs nuclear duties in support of the Department of Defense's nuclear weapons program or at Army nuclear reactor facilities meets the highest possible standards of reliability. Initial Appeal File (IAF), Tab 14 at 14.

¶3 On February 11, 2014, the appellant prepared a "Memorandum for record" in which he described having observed "insufficient manning" at the worksite which he perceived to be a risk and in violation of site Standard Operating Procedures. IAF, Tab 5 at 14. He alleged that he shared his concerns that day with various supervisors and specifically with the PRP Certifying Official during a meeting on March 26, 2014. The appellant further alleged that, at that meeting, he also disclosed to the PRP Certifying Official that, on February 25, 2012, a supervisor had hit another guard in the face with a rolled up magazine.

¶4     On or before March 24, 2014, the appellant posted comments on his personal Facebook page, identifying himself as a Government employee and describing "blatant corruption" by management, concluding with "So that's why I make life Hell for those in charge who deserve it before I move on, it makes me smile." IAF, Tab 21 at 67. Based on this posting, on March 26, 2014, the PRP Certifying Official notified the appellant that he had been temporarily disqualified from the PRP, stating that "the behaviors reported are not conducive to" the PRP requirements and that he would not be returned to full duty pending further evaluation and administrative decision process. IAF, Tab 5 at 15. It was during this meeting that the appellant shared his "insufficient manning" concerns with the PRP Certifying Official. On April 9, 2014, the Test Center Security Chief placed the appellant on administrative leave for 30 days, which could be extended, pending the outcome of an investigation. *Id.* at 16. On April 21, 2014, a Colonel notified the appellant that he was temporarily prohibited from reentering the installation until resolution of the investigation. *Id.* at 17. On August 23, 2014, the Colonel who conducted the investigation concluded that the appellant was not trustworthy or reliable to be active in the PRP and should be permanently disqualified. IAF, Tab 11 at 9. On January 21, 2015, the PRP Certifying Official recommended that the appellant be permanently disqualified from the PRP. IAF, Tab 5 at 21.

¶5     On January 22, 2015, the appellant filed a complaint with the Office of Special Counsel (OSC) in which he alleged that the agency's actions were unfounded and based on his protected disclosures.[2] IAF, Tab 1 at 9-20. On April 27, 2015, OSC notified the appellant that it had concluded the investigation into his complaint and that he could pursue the matter with the Board. *Id.* at 21.

¶6     The appellant then filed this IRA appeal and requested a hearing. IAF, Tab 1 at 1-8. Upon review of the parties' pleadings, the administrative judge

---

[2] On February 3, 2015, the Certifying Official's recommendation that the appellant be permanently disqualified from the PRP was approved. IAF, Tab 5 at 22.

determined that the appellant had exhausted his remedy before OSC and made nonfrivolous allegations sufficient to establish the Board's jurisdiction over his IRA appeal. IAF, Tab 9. Specifically, the administrative judge found that the appellant nonfrivolously alleged that he engaged in protected activity (1) when he detailed his concerns about "insufficient manning" on February 11, 2014, to various supervisors and on March 26, 2014, during a meeting with the PRP Certifying Official, and (2) when, during that same meeting, he told the PRP Certifying Official that a supervisor had hit an employee in the face. As to the personnel actions at issue, the administrative judge found that there were five: the appellant's being placed on administrative leave and being barred from the facility, his temporary disqualification, his proposed permanent disqualification, and the approved permanent disqualification from the PRP. The administrative judge also found that the appellant had nonfrivolously alleged that his protected activity was a contributing factor in the personnel actions. Concluding that he had thereby established the Board's jurisdiction over these matters, the administrative judge scheduled the requested hearing. IAF, Tab 8.

¶7 Thereafter, the administrative judge issued an initial decision in which he first found that the appellant proved by preponderant evidence that he made protected disclosures on February 11, 2014, to his supervisors and on March 26, 2014, to the PRP Certifying Official about "insufficient manning" on February 11, 2014, which he reasonably believed evidenced a violation of law, rule, or regulation, or a substantial and specific danger to public health and safety. IAF, Tab 24, Initial Decision (ID) at 6-9. The administrative judge further found that the appellant also proved by preponderant evidence that he made a protected disclosure on March 26, 2014, to the PRP Certifying Official about a supervisor's striking of a guard on February 25, 2012, which the appellant reasonably believed evidenced a violation of law, rule, or regulation or an abuse of authority. ID at 9-10. The administrative judge then found, based on the application of the knowledge/timing test, that the appellant established by

preponderant evidence that his disclosures were a contributing factor in the five personnel actions challenged. ID at 14-15 (temporary disqualification from the PRP); ID at 15 (placement on administrative leave); ID at 15 (being barred from the facility); ID at 15-16 (proposed permanent disqualification from the PRP); ID at 16 (decision to permanently disqualify the appellant from the PRP).[3] Finally, the administrative judge found, considering the nature of the appellant's duties and the requirement of the PRP, that the agency had strong reasons for taking the actions and only a limited motive to retaliate, and that there was some evidence that the agency treated similarly situated individuals who did not blow the whistle similarly to how it treated the appellant. *See Carr v. Social Security Administration*, 185 F.3d 1318, 1323 (Fed. Cir. 1999). The administrative judge concluded that the agency proved by clear and convincing evidence that it would have taken the same actions absent the appellant's whistleblowing. ID at 17-22 (temporary disqualification from the PRP); ID at 22-24 (placement on administrative leave); ID at 24-25 (being barred from the facility); ID at 25-26 (proposed permanent disqualification from the PRP). Accordingly, the administrative judge denied the appellant's request for corrective action. ID at 2, 28.

---

[3] Although not addressed by either party, we note that the appellant filed his OSC complaint before the request for his permanent disqualification from the PRP was approved. IAF, Tab 1 at 9-20, Tab 5 at 22. Therefore, based on his complaint, he did not exhaust, nor could he have exhausted, his remedy before OSC as to that personnel action. Although it is appropriate to consider an employee's supplements to his complaint or other documentation from OSC to the appellant, *see Mitchell v. Department of the Treasury*, 68 M.S.P.R. 504, 511 (1995), the appellant did not submit any such documentation. Therefore, we find that, as to the approval of the recommendation that he be disqualified from the PRP, the appellant did not exhaust his remedy before OSC, and therefore the Board may not consider that personnel action. *See Grubb v. Department of the Interior*, 96 M.S.P.R. 377, ¶ 23 n.1 (2004). However, because we agree with the administrative judge's ultimate disposition of this appeal, we further find that, to the extent he erred in considering that personnel action, any such error did not prejudice the appellant's substantive rights. *See Panter v. Department of the Air Force*, 22 M.S.P.R. 281, 282 (1984).

¶8    The appellant has filed a petition for review, Petition for Review (PFR) File, Tabs 3-5, the agency has responded in opposition, PFR File, Tab 7, and the appellant has replied thereto, PFR File, Tab 8.

¶9    We first point out that, because the agency has not filed a petition for review challenging the administrative judge's findings that the appellant established that he made protected disclosures that were a contributing factor in the agency's personnel actions, we will not disturb those findings.  Regarding the appellant's petition for review, the appellant asserts, as he did below, that the PRP Certifying Official was not truthful when he testified that his meeting with the appellant was on March 24, and that it, in fact, occurred on March 26.  PFR File, Tab 3 at 7-10.  On review, the appellant has submitted copies of his time cards and other evidence, which he contends show that he was otherwise occupied on March 24.  PFR File, Tab 4 at 9-14.  The administrative judge considered the appellant's claim regarding the date of the meeting but concluded that it made no material difference in the case.  ID at 13.  Based on the administrative judge's findings that the appellant made a protected disclosure during the meeting and that it was a contributing factor in the agency's personnel actions, ID at 8-9, 14-26, we agree.  Regarding the appellant's proffered evidence on this point, it is well established that evidence offered merely to impeach a witness's credibility is not generally considered material.  *Deleson v. Department of the Interior*, 88 M.S.P.R. 121, ¶ 6 (2001).  As the proffered evidence does not present a "significant challenge" to the credibility of the PRP Certifying Official's testimony regarding what transpired at the meeting, and given the administrative judge's findings as set forth above, we find that the new evidence is immaterial.  *See Cole v. Department of the Army*, 78 M.S.P.R. 288, 293 (1998) (explaining that evidence that presents a "significant challenge" to a witness's credibility is material, and therefore the Board will consider it).

¶10    On review, the appellant raises concerns about the testimony and actions of the Colonel who conducted the investigation which impacted his decision to

permanently disqualify the appellant from the PRP. PFR File, Tab 3 at 10-12. As noted, however, we have determined that the appellant did not exhaust his remedy before OSC as to that personnel action and that, therefore, the Board lacks jurisdiction to consider it. Accordingly, we need not address this claim.

¶11    The appellant appears to assert that the agency did not lift the ban on his being at the Missile Range until 2 days after the August 5, 2015 prehearing conference, suggesting that the agency "did not want [him] to have access to WSMR [White Sands Missile Range] Government computers, potential work place witnesses, [and] research resources specific to WSMR." PFR File, Tab 3 at 12-13. To the extent that the appellant is claiming that he was hampered in the presentation of his case, the record reflects that he sent the administrative judge a voicemail on August 22, 2015, indicating that he may have an additional item of evidence to submit into the record that was not previously available because of his lack of access to agency computers during his administrative absence. The record further reflects that the administrative judge responded, indicating that he considered the record closed for evidentiary submissions and noting that neither party had filed a motion to compel, and stating that, if the appellant believed he had new and material evidence, he could seek to submit it on petition for review. IAF, Tab 22. Although the appellant alleges that the agency may have prevented him from introducing evidence to support his position during adjudication, he has not identified that evidence.

¶12    We have considered that the appellant may be suggesting that the attachments to his petition for review constitute that evidence, but find that the majority of those documents postdate the close of the record below. Those that do not consist of the following: an August 5, 2015 letter advising the appellant of the rescission of his temporary ban from the facility, effective July 2, 2015, PFR File, Tab 4 at 15; a July 2, 2015 letter from Congressman Steve Pearce informing the appellant that the agency's investigation into the matter relating to his case was scheduled to be completed in July 2015 and submitted for legal review, and

that thereafter a determination would be made as to his status, *id.* at 16; and a draft copy of an April 25, 2014 report prepared by an officer of the Las Cruces Police Department based on a complaint filed against the appellant by a shift supervisor, although not the appellant's supervisor, alleging threatening and harassing conduct, *id.* at 17-19, and a follow-up report, *id.* at 20.  Even if these documents could be considered new, crediting the appellant's claim that they previously were unavailable, he has not shown, nor does it otherwise appear, that they are relevant to the matter at issue, which is whether the administrative judge erred in finding that the agency showed by clear and convincing evidence that it would have taken the personnel actions described above absent the appellant's protected disclosures.  *See Russo v. Veterans Administration*, 3 M.S.P.R. 345, 349 (1980) (finding that the Board will not grant a petition for review based on new evidence absent a showing that it is of sufficient weight to warrant an outcome different from that of the initial decision).  Moreover, to the extent that the appellant suggests that the April 25, 2014 report is at odds with a written memorandum prepared by the shift supervisor, calling into question his credibility, we have noted that evidence offered to impeach a witness's credibility generally is not considered material.  *Deleson*, 88 M.S.P.R. 121, ¶ 6.  The proffered evidence does not present a "significant challenge" to the credibility of the shift supervisor's testimony, and given the administrative judge's finding that his memorandum to the PRP Certifying Official did provide a motive to retaliate against the appellant, albeit a slight one, ID at 19-20, we find that the April 25, 2014 report is not material.

¶13    The appellant challenges on review the administrative judge's finding that the agency proved by clear and convincing evidence that it would have temporarily disqualified the appellant from the PRP, even absent his protected disclosures.    Specifically, the appellant disputes the administrative judge's finding that the two individuals the appellant claimed were treated less harshly than he were not similarly situated to him, and he argues, generally, that

supervisors are held to a higher standard. PFR File, Tab 1 at 17-19. The administrative judge acknowledged that the two guards who committed acts of misconduct against other staff were not disqualified from the PRP, but found that they were not relevant comparators because they were supervisor, not staff, guards like the appellant, because the PRP Certifying Official in the appellant's case was not the same Certifying Official in the other two cases, and because, unlike the appellant, both supervisors were disciplined. ID at 21. The administrative judge found, however, that a staff guard who accidentally discharged his weapon in a guard tower was similarly situated to the appellant and that the agency also temporarily disqualified him from the PRP, even though he was not a whistleblower. ID at 20. Whether the two supervisors' misconduct warranted the punishment they received, however, is not a relevant consideration in this matter. Instead, it is whether they were similarly situated to the appellant. *Carr*, 185 F.3d at 1323. Notwithstanding his disagreement with the administrative judge's findings, the appellant has not shown that they were made in error, and we discern no reason to reweigh the evidence or substitute our assessment of the record evidence for that of the administrative judge. *See Crosby v. U.S. Postal Service*, 74 M.S.P.R. 98, 105-06 (1997) (finding no reason to disturb the administrative judge's findings where she considered the evidence as a whole, drew appropriate inferences, and made reasoned conclusions).

¶14    The appellant also argues that, after the record closed below, the agency took various actions against him. Specifically, he alleges that the agency proposed and effected his removal for failure to meet a condition of his employment, remaining certified in the PRP, and that, during the intervening period, the agency created a hostile work environment by displaying a poster he believed was offensive and directed at him. PFR File, Tab 1 at 19-22. The appellant has submitted documents relating to the removal action, PFR File, Tab 4 at 23-24, Tab 5 at 4-14; and to the alleged hostile work environment, PFR File, Tab 5 at 17-21. The matter of the appellant's subsequent removal has no bearing

on, and is not material to, this appeal, *Russo,* 3 M.S.P.R. at 349, although it could form the basis for a new appeal.[4] As for the allegation of retaliation against the appellant by the agency for his having filed this appeal, he first must raise such a claim to OSC and may, upon exhaustion of that remedy, file a new IRA appeal with the Board.

## NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit.

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you want to request review of the Board's decision concerning your claims of prohibited personnel practices under 5 U.S.C. § 2302(b)(8), (b)(9)(A)(i), (b)(9)(B), (b)(9)(C), or (b)(9)(D), but you do not want to challenge the Board's disposition of any other claims of prohibited personnel practices, you may request review of this final decision by the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction. The court of appeals must receive your petition for review within 60 days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(B) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. You may choose to request review of the Board's decision in the U.S. Court of Appeals for the Federal Circuit or any other court of appeals of competent jurisdiction, but not both. Once you choose to seek

---

[4] At this time, the Board has no record that such an appeal has been filed.

review in one court of appeals, you may be precluded from seeking review in any other court.

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right. It is found in title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11. Additional information about other courts of appeals can be found at their respective websites, which can be accessed through the link below: http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD: _____
William D. Spencer
Clerk of the Board

Washington, D.C.